## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | |
| **Plaintiff,** | |
| **v.** | |
| **DENESE DICE, ET AL.,** | **Case No. 13-2339-DDC-JPO** |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Metropolitan Life Insurance Company filed this case as an interpleader action seeking a declaratory judgment determining the proper beneficiaries entitled to the proceeds of a life insurance policy that it issued for Edna Jean Turgeon under the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. § 8701 *et seq.*  After plaintiff deposited the proceeds of the policy with the Court (*see* Doc. 30 and docket annotation of financial receipt dated November 25, 2013), the Court dismissed plaintiff with prejudice from this action and discharged plaintiff from liability arising from the life insurance benefits payable under the FEGLIA life insurance policy as a consequence of Ms. Turgeon's death (Doc. 36).

The matter is currently before the Court on Defendants Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice's ("the Dice Defendants") Motion for Summary Judgment (Doc. 43), and a Cross Motion for Summary Judgment (Doc. 44), filed by Albert E. Grauberger, guardian ad litem for minors D.D., T.D., and M.S ("the Minor Defendants").  For the reasons set forth below, the Court grants the Dice Defendants' Motion for Summary Judgment (Doc. 43), and denies the Cross Motion for Summary Judgment (Doc. 44), filed by Albert E. Grauberger, guardian ad litem for the Minor Defendants.

1

## I.      Uncontroverted Facts

The parties have stipulated to the following facts in their Stipulated Facts (Doc. 35).

Edna Jean Turgeon ("the insured") was employed by the United States Postal Service and was

insured under the Federal Employees' Group Life Insurance Program underwritten by a policy

issued by plaintiff Metropolitan Life Insurance Company.   On June 16, 1995, the insured

executed a Designation of Beneficiary form for her life insurance policy issued by plaintiff.  On

the form, the insured listed her beneficiaries, with the shares to be paid to those beneficiaries as

follows:

| | | |
|---|---|---|
| Deneses (sic) Frances Dice | Daughter | 5/10 |
| Kelsie Nichole Dice | Granddaughter | 1/5 |
| Britni M. Dice | Granddaughter | 1/5 |
| 1. Unborne (sic) grandchild Dice | Granddaughter | 1/5 |
| Ashlie D. Smithey (Dice) | Granddaughter | 1/5 |
| Doris D. Turgeon | Mom | 1/5[1] |

Ex. 1 to Am. Compl. in Interpleader (Doc. 23-1).  The insured and two witnesses signed the

Designation of Beneficiary form, which was submitted to the insured's employer.  There is no

record that the insured ever submitted a subsequent Designation of Beneficiary form.

Denese Dice is the insured's only child.  Doris D. Turgeon was the insured's mother.

Doris D. Turgeon pre-deceased her daughter.  The other four named individuals on the

Designation of Beneficiary form are the insured's grandchildren and Denese Dice's natural born

children.

On June 16, 1995 (the date the insured completed the Designation of Beneficiary form),

Denese Dice was pregnant.  She gave birth to Cheyenne Dice in September 1995.  Cheyenne

Dice was the insured's only unborn grandchild in utero on June 16, 1995, and the only unborn

---

[1]      The Court notes the insured made an error in her calculation of the proportional shares on the
Designation of Beneficiary form.  The shares, as designated on the form, total 150% rather than 100% of
the insurance policy proceeds.  The Court addresses this ambiguity in Part III.C below.

child referenced in the Designation of Beneficiary form.  Afterwards, Denese Dice gave birth to three additional children, D.D., T.D., and M.S, who are represented by the guardian ad litem in this action.  None of the three additional children are referenced in the Designation of Beneficiary form.

The insured died on September 26, 2012.  On July 12, 2013, plaintiff filed the present declaratory judgment action, naming Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice as defendants.  Plaintiff filed an Amended Complaint in Interpleader (Doc. 23) on October 23, 2013, adding as a defendant Albert Grauberger, as guardian ad litem for D.D., T.D., and M.D., minors.  Plaintiff filed this action seeking a declaratory judgment identifying the proper beneficiaries of the insured's life insurance policy and those entitled to the policy proceeds.

## II.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  When it applies this standard, the Court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010) (citing *Oldenkamp v. United Am. Ins. Co*., 619 F.3d 1243, 1245–46 (10th Cir. 2010)).  "An issue of fact is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party' on the issue."  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense."  *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248)).

The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003)).  To meet this burden, the moving party "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Id.* (citing *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party satisfies its initial burden, the non-moving party "'may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49.  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. Rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

The Court applies this same standard to cross motions for summary judgment.  Each party bears the burden of establishing that no genuine issue of material fact exists and its entitlement to judgment as a matter of law.  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).  Cross motions for summary judgment "are to be treated separately; the denial of one does not require the grant of another." *Buell Cabinet Co. v.*

4

*Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).   But where the cross motions overlap, the Court

may address the legal arguments together.  *Berges v. Standard Ins. Co.*, 704 F. Supp. 2d 1149,

1155 (D. Kan. 2010) (citation omitted).  In this case, the legal issues and arguments presented by

each summary judgment motion are the same.  Therefore, the Court addresses the legal issues

together.

     **III.    Discussion**

     "FEGLIA establishes a life insurance program for federal employees."  *Metro. Life Ins.*

*Co. v. Bush*, 154 F.3d 1149, 1151 (10th Cir. 1998) (citing *Dean v. Johnson*, 881 F.2d 948 (10th

Cir. 1989)).  FEGLIA requires the payment of life insurance benefits, upon an employee's death,

in accordance with a specified "order of precedence."  5 U.S.C. § 8705(a).  FEGLIA sets forth

the following "order of precedence":

> First, to the beneficiary or beneficiaries designated by the [insured] in a signed
> and witnessed writing received before death in the employing office . . . . For this
> purpose, *a designation, change, or cancellation of beneficiary in a will or other*
> *document not so executed and filed has no force and effect.*
>
> Second, if there is no designated beneficiary, to the widow or widower of the
> employee.
>
> Third, if none of the above, to the child or children of the employee and
> descendants of deceased children by representation.
>
> Fourth, if none of the above, to the parents of the employee or the survivor of
> them.
>
> Fifth, if none of the above, to the duly appointed executor or administrator of the
> estate of the employee.
>
> Sixth, if none of the above, to other next of kin of the employee entitled under the
> laws of the domicile of the employee at the date of his death.

5 U.S.C. § 8705(a) (emphasis added).

In 1966, Congress added to FEGLIA the language that is italicized above ("[A]

designation . . . not so executed and filed has no force and effect."). *Bush*, 154 F.3d at 1151.

Before that amendment, some courts considered the insured's "manifest intent" in determining

the proper beneficiary under the life insurance policy. *Id.* (citing *Sears v. Austin*, 292 F.2d 690

(9th Cir. 1961)).  But the Tenth Circuit has explained,

> The 1966 [FEGLIA] amendment foreclosed such inquiries into manifest intent:
> "The equities in *Sears* may have prompted the court of appeals to disregard the
> civil service regulation and the general intent of the statute in order to comply
> with the insured's wishes, but the precedent established in that case could, if
> generally followed, result in administrative difficulties for the Civil Service
> Commission and the insurance companies and, more important, seriously delay
> paying insurance benefits to survivors of Federal employees.   'To clarify
> Congress' intent, [the 1966 amendment to section 8705] rewrites section 4 to state
> clearly that the order of precedence set out in that section shall prevail over any
> extraneous document designating a beneficiary unless the designation has been
> properly received in the employing office or by the Civil Service Commission.'"

*Id.* at 1151–52 (quoting *Ward v. Statton*, 988 F.2d 65, 67 (8th Cir. 1993) (quoting S. Rep. No.

1064, 89th Cong., 2d Sess. 2 (1966), reprinted in 2 U.S.C.C.A.N.2070, 2071)).

Therefore, the Court must strictly construe the beneficiary designation provision of

FEGLIA.  *See Metro. Life Ins. Co. v. Hurford*, 983 F.Supp. 1045, 1047 (D. Kan. 1997)

(explaining that "strict compliance with the statute in designating a beneficiary is now required:

'Congress intended to establish, for reasons of administrative convenience, an inflexible rule that

a beneficiary must be named strictly in accordance with the statute irrespective of the equities in

a particular case.'" (quoting *Metro. Life Ins. Co. v. Manning*, 568 F.2d 922, 926 (2d Cir. 1977)

(further citations omitted)).

Here, the insured completed a Designation of Beneficiary form listing the following

beneficiaries:  Denese Dice (daughter), Kelsie Nichole Dice (granddaughter), Britni M. Dice

(granddaughter), "1. Unborne (sic) grandchild Dice" (granddaughter), Ashlie D. Smithey (Dice)

(granddaughter), and Doris D. Turgeon (mom).  Under 5 U.S.C. § 8705(a), the life insurance

proceeds are payable to the beneficiaries designated by the insured on this form.  However,

because the parties dispute the proper interpretation of certain language in the Designation of

Beneficiary form, they request the Court decide two issues.  First, the Court must determine

whether the fourth-named beneficiary, "1. Unborne (sic) grandchild Dice", refers to Cheyenne

Dice, the insured's only unborn grandchild in utero on the date the insured completed the form,

or whether it refers to a "class of beneficiaries" that includes other after-born grandchildren.

Second, the Court must determine whether the 1/5 share designated to Doris D. Turgeon lapsed

when she predeceased the insured.  The Court addresses each issue in turn below.

### A. The Fourth-Named Beneficiary Refers Only to Cheyenne Dice and Not a Class of Beneficiaries.

The insured named "1. Unborne (sic) grandchild Dice" as the fourth-named beneficiary

on the Designation of Beneficiary form that she completed on June 16, 1995.  The Dice

Defendants argue that this designation refers to Cheyenne Dice, the only unborn grandchild in

utero on the date that the insured completed the form.  Indeed, the parties have stipulated that

Cheyenne Dice is "the only unborn grandchild referenced in the Designation of Beneficiary"

form.  Stipulated Facts (Doc. 35 at ¶ 5).  In contrast, the Minor Defendants contend that, with the

designation of this fourth-named beneficiary, the insured intended to create a "class of

beneficiaries" that included all future born grandchildren, "not just the unborn grandchild

referenced [in the form] and who was born approximately four months later."  Cross Mot. for

Summ. J. (Doc. 44 at 2).  The parties have stipulated, however, that none of the three additional

children born to Denese Dice after the insured completed the Designation of Beneficiary form is

referenced on that form.  Stipulated Facts (Doc. 35 at ¶ 6).

Both sets of defendants refer the Court to 4 Steven Plitt *et al.*, *Couch on Insurance* § 59:27 (3d ed. June 2014), which states:

> An unborn child may be provided for in a regular life policy, even though the child is not specifically named, so that whether an afterborn child will be considered to be part of a beneficiary class of "children" is generally dependent on:  (1) whether the interests of the beneficiaries are considered to vest at the time they are initially named; (2) public policy; and (3) the insured's intent.

The Minor Defendants argue that these three factors support a finding that the insured created a class of beneficiaries because:  (1) the interests of the beneficiaries did not vest at the time they were initially named but instead vested when the insured died; (2) public policy favors supporting all of the insured's grandchildren rather than those who were living at the time of the designation; and (3) the insured intended that all of her grandchildren benefit equally from the insurance policy.  But as the Dice Defendants argue, the section recited above states that an unborn child may be named as a beneficiary as part of a "beneficiary class of 'children.'"  *Id.*; *see also Thomas v. Leake*, 3 S.W. 703, 705 (1887) (holding that a life insurance policy naming the insured's "children" as beneficiaries included after-born children).

Here, the insured did not list a beneficiary class of "children" or "grandchildren" with her designation.  Instead, she named only *one* unborn *grandchild*.  The insured's use of the singular, "grandchild," instead of the plural, "grandchildren," shows that she did not create a class of beneficiaries with this designation.  Moreover, the insured identified the unborn grandchild as her "granddaughter" on the form, providing yet more support for the conclusion that the insured designated only the one unborn granddaughter, Cheyenne Dice, as a beneficiary and not a class of beneficiaries.  Because the insured did not create a class of beneficiaries with the designation, the Court declines to consider the three factors listed in *Couch on Insurance* § 59:27, as recited above.

Also, FEGLIA prohibits the Court from attempting to discern the insured's "manifest intent" in her designation.  *Bush*, 154 F.3d at 1151–52.  Instead, the Court must strictly construe the beneficiary designation provision of FEGLIA without regard for the equities of the situation.  *Hurford*, 983 F.Supp. at 1047.  Under this standard, the Court construes the language of the designation form as naming only the one unborn grandchild—Cheyenne Dice—because the form references only the one grandchild in utero on the date when the insured completed the designation form, specifically identifies her as a "granddaughter," and makes no reference to any other after-born grandchildren.

In reaching this conclusion, the Court is persuaded by the reasoning of a recent opinion from the District of Columbia.  In *Metropolitan Life Insurance Company v. Barbour*, 614 F. Supp. 2d 47 (D.D.C. 2009), the insured completed a Designation of Beneficiary form that named her daughter, Jennifer G. Barbour, as the sole beneficiary of a life insurance policy under FEGLIA.  *Id.* at 50.  On the designation, the insured referred to her daughter as "trustee" but the daughter had never served as a trustee of a trust.  *Id.* at 50, 52.  The court found that, while this designation created some initial confusion, "the inclusion of an improper title in connection with the name of a beneficiary does not *ipso facto* result in the invalidation of the designation form." *Id.* at 52.  Instead, the court explained "the material inquiry is whether the designation form sufficiently identifies the beneficiary in accordance with the statutory requirements set forth in FEGLIA."  *Id.* at 52–53 (citations omitted).  The court found that "no question [existed about] the identity of the person designated—despite the introduction of an improper title—because Ms. Barbour was identified by name ('Jennifer G. Barbour'), address, and relationship to the Decedent ('daughter')."  *Id.* at 53.  The court also refused to make any finding about what the

insured may have intended by ascribing her daughter the title of "trustee" because it appeared that Jennifer Barbour was identified as the sole beneficiary of the insurance policy proceeds. *Id.*

Similarly, in this case, while the insured's designation may have created some initial confusion, no reasonable basis exists to question that the identity of the person named as "1. Unborne (sic) grandchild Dice." The parties have even stipulated that his description refers to Cheyenne Dice. Stipulated Facts (Doc. 35 at ¶ 5). And, like the court in *Barbour*, this Court refuses to discern the insured's intent in naming the beneficiaries on the Designation of Beneficiary form. While the insured provided for all living and in utero grandchildren at the time she completed the form, the Court declines to speculate that the insured intended to include all after-born grandchildren in the designation for two reasons.

First, the insured made no reference to additional after-born grandchildren on the form, and second, she never completed a subsequent form naming additional grandchildren. Instead, the Court relies on the plain language of the designation that names one unborn grandchild, which the parties agree refers to Cheyenne Dice. Therefore, the Court concludes that the fourth-named beneficiary on the Designation of Beneficiary form refers only to Cheyenne Dice and does not create a class of beneficiaries that includes after-born Minor Defendants.

**B. Doris D. Turgeon's Share Lapsed When She Predeceased the Insured, and Her Share Must Be Distributed Equally Among the Surviving Beneficiaries.**

In the Amended Complaint in Interpleader, plaintiff Metropolitan Life Insurance Company asserts that "it is not clear amongst whom the 1/5 portion designated to the [insured's] predeceased mother should be distributed." Am. Compl. in Interpleader (Doc. 23 at ¶ 19). The Dice Defendants argue that Ms. Turgeon's share lapsed when she predeceased the insured and

her share must be distributed equally among the surviving beneficiaries listed on the Designation of Beneficiary form.  The Minor Defendants agree with the Dice Defendants on this issue.

Under FEGLIA, an insurer must pay group life insurance proceeds "to the person or persons *surviving at the date of [the insured's] death*, in the following order of precedence . . . ." 5 U.S.C. § 8705 (emphasis added).  Therefore, under the plain language of the statute, Ms. Turgeon is not entitled to her share because she did not survive the insured.

In addition, the Designation of Beneficiary form completed by the insured states:  "[I]f more than one beneficiary is named, the share of any beneficiary who may predecease [the insured] . . . shall be distributed equally among the surviving beneficiaries."  Ex. 1 to Am. Compl. in Interpleader (Doc. 23-1).  Therefore, under the plain language of the form, Ms. Turgeon's share must be distributed equally among the surviving beneficiaries because she predeceased the insured.  *See Metro. Life Ins. Co. v. O'Ferrall Ochart*, 635 F. Supp. 119, 121–22 (D.P.R. 1986) (where an insured under FEGLIA designated an 80 percent share of the life insurance policy proceeds to his wife and a 20 percent share to Alberto O'Ferrall Ochart and the wife predeceased the insured, the court held that neither the wife's estate nor her minor daughter were entitled to the proceeds but rather O'Ferrall Ochart was entitled to the entire amount because he was the only surviving beneficiary and the designation form read:  "If more than one beneficiary is named, the share of any beneficiary who may predecease [the insured] shall be distributed equally among the surviving beneficiaries, or entirely to the survivor.").

Thus, the Court determines that Ms. Turgeon's interest in the insurance policy proceeds terminated on her death because she predeceased the insured.  Consequently, the Court must distribute the share designated to Ms. Turgeon equally among the other surviving beneficiaries,

that is, the other five individuals named on the Designation of Beneficiary form—Denese Dice,

Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice.[2]

### C. The Ambiguity of the Proportional Shares on the Designation of Beneficiary Form

As noted above, the Designation of Beneficiary form contains an ambiguity about the

shares to be paid to each designated beneficiary.  On that form, the insured designated that

Denese Dice receive 5/10 of the proceeds and that the remaining five-named beneficiaries each

receive 1/5 of the proceeds.  The total of these proportional shares, as designated by the insured,

amounts to 150% rather than 100% of the insurance policy proceeds.

Plaintiff did not raise this issue in its request for declaratory relief, and none of the

defendants discuss this discrepancy in their summary judgment motions.  But, the Court must

resolve this issue before ordering the disbursement of the life insurance proceeds to each

designated beneficiary in the appropriate proportional share.

Judge Lungstrum faced a similar ambiguity in a Designation of Beneficiary form in

*Metropolitian Life Insurance Company v. Hurford*, 983 F. Supp. 1045 (D. Kan. 1997).  In that

case, the insured completed a Designation of Beneficiary form that designated "all" of the shares

of his life insurance policy proceeds to his wife and "1-Quarter" of the proceeds to each of his

four children.  *Id.* at 1046.  Thus, the insured assigned 200% of the insurance policy proceeds to

---

[2]       Because Doris Turgeon's interest in the proceeds of the insurance policy terminated when she predeceased the insured, the Court determines that neither she nor her estate requires representation in this action.  In *Metropolitian Life Insurance Company v. Blyther*, 964 F. Supp. 2d 61 (D.D.C. 2013), an insured named her son as one of several beneficiaries to the proceeds of a FEGLIA life insurance policy.  *Id.* at 64.  However, the son predeceased the insured.  *Id.* at 65.  The parties identified the son's daughter (the insured's granddaughter) as having a potential interest in the life insurance proceeds.  *Id.* at 68–69.  But the Court held that the son's interest in the insurance proceeds terminated upon his death under the terms of the life insurance policy because he had predeceased the insured.  *Id.* at 69.  Therefore, the son's daughter, whose only possible interest in the insurance proceeds would have been derived from her father, had no cognizable interest in the proceeds and did not need to have representation in the action to resolve the distribution of those proceeds.  *Id.*  Likewise, here, Ms. Turgeon's interest in the insurance proceeds lapsed when she predeceased the insured.  Therefore, her estate does not have a cognizable interest in the proceeds and it need not be represented in this lawsuit.

the five beneficiaries named on the form.  *Id.*  After he completed the form, the insured divorced

his wife and married Nina F. Hurford.  *Id.*  After the insured died, Ms. Hurford, as the insured's

widow, submitted a claim for the insurance policy proceeds and argued that the Designation of

Beneficiary form was invalid because it contained an ambiguity purporting to assign 200% of the

proceeds among the five named beneficiaries.  *Id.* at 1047–48.

Judge Lungstrum disagreed with Ms. Hurford that the Designation of Beneficiary form

was invalid and instead concluded that the form strictly complied with the statutory requirements

that the insured designate beneficiaries in a "'signed and witnessed writing received before death

in the employment office.'"  *Id.* at 1047 (quoting 5 U.S.C. § 8705(a)).  The court found that the

statute contains no requirement that the insured complete an "unambiguous" designation, and

therefore, an "ambiguity concerning the particular distribution of the proceeds among the named

beneficiaries does not bear on the designation's strict compliance with the statutory

requirements."  *Id.*  The court also noted that Ms. Hurford had failed to provide "any authority

supporting the proposition that an ambiguity not touching one of those [statutory] requirements

invalidates the designation," and the court was not aware of any such authority either.  *Id.*

Therefore, Judge Lungstrum refused to invalidate the Designation of Beneficiary form based on

the ambiguity in the insured's designation purporting to assign 200% of the insurance proceeds

among five named beneficiaries.  *Id.* at 1048.

Judge Lungstrum further recognized that the ambiguity gave rise only to a possible

dispute among those defendants named on Designation of Beneficiary form.  *Id.* at 1048.  But,

even under those circumstances, the insured had a valid Designation of Beneficiary form and Ms.

Hurford was not entitled to any of the proceeds because she was not a named beneficiary on the

form.  *Id.*  Despite the ambiguity on the form, the defendants named on the Designation of

Beneficiary form reached an agreement that the shares would be divided equally among the five named beneficiaries, and the court agreed to honor that agreement. *Id.*

Following Judge Lungstrum's reasoning in *Hurford*, the Court declines to find that the ambiguity in the insured's Designation of Beneficiary form invalidates the designation. Rather, the form complies with the statutory requirements of 5 U.S.C. § 8705(a), and is therefore a valid designation. However, the Court recognizes that the ambiguity in the insured's Designation of Beneficiary form may create a dispute among the five surviving beneficiaries named on that form about the appropriate apportionment of the insurance proceeds. At this stage, the Court declines to discern the insured's intent in allocating the shares as stated on the Designation of Beneficiary form. Instead, the Court encourages the five surviving beneficiaries named on the form—Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice—to attempt to reach an agreement about the amount of each share to be distributed to each beneficiary.[3] The Court requires these defendants to submit a status report to the Court, on or before **December 1, 2014**, describing the five surviving beneficiaries' attempts to reach an agreement on this issue. If they are unable to reach an agreement, the Court will order additional briefing on this issue and set the matter for ruling by the Court.

## IV.    Conclusion

For the reasons set forth above, the Court determines that the insured's designation of "1. Unborne (sic) grandchild Dice" refers to Cheyenne Dice, the insured's only unborn grandchild in utero on the date the insured completed the form. The Court also concludes that Doris D. Turgeon forfeited her share of the life insurance policy proceeds when she predeceased the

---

[3]         In this case, one attorney represents the five surviving beneficiaries named on the Designation of Beneficiary Form. The Court's request for the five surviving beneficiaries to confer about an agreement on the remaining issue may, or may not, present an ethical issue for counsel to consider. The Court entrusts this consideration to counsel's sound and thoughtful discretion.

insured.  Therefore, the Court concludes that five beneficiaries—Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice—are entitled to the proceeds of the insured's life insurance policy.  As explained above, the Court is unable to determine on the current record the share that each of the five beneficiaries is entitled to receive because of the ambiguity on the Designation of Beneficiary form.  The Court orders the parties to attempt to reach an agreement on this issue and to file a status report with the Court on or before December 1, 2014.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice's Motion for Summary Judgment (Doc. 43) is granted.

**IT IS FURTHER ORDERED THAT** the Cross Motion for Summary Judgment filed by Albert E. Grauberger, guardian ad litem for minors D.D., T.D., and M.S. (Doc. 44) is denied.

**IT IS FURTHER ORDERED THAT** Defendants Denese Dice, Kelsie Dice, Britni Dice, Ashlie Smithy (Dice), and Cheyenne Dice must submit a status report on or before **December 1, 2014**, consistent with this Order.

**IT IS SO ORDERED.**

**Dated this 29th day of October, 2014, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**